IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



David C. Eggleton,

    Plaintiff,

8:05CV532

Civil Action No. 2:05cv326

v.

Plasser & Theurer Export Von Bahnbaumaschinen
Gesellschaft, MBH, et al,

    Defendants.



## RULE 26(f) PRETRIAL ORDER

Subject to any special appearance, questions of jurisdiction, or other motions now pending, the Court **ORDERS** as follows:

1. On **July 7, 2005 at 2:00 p.m.**, the parties shall confer for the purpose of conducting the conference required by Federal Rule of Civil Procedure (hereinafter "Rule") 26(f). Unless otherwise agreed upon by the parties, the parties shall meet in person at the offices of counsel located closest to the courthouse at Norfolk. By agreement of the parties, this conference may be conducted at anytime prior to the Rule 16(b) conference or at any place and by any means of communication so long as the parties accomplish the purposes of Rule 26(f) in a timely manner. The parties' proposed discovery plan shall provide for completion of all discovery on or before **November 15, 2005**, and shall be formulated to accommodate a trial date before **January 18, 2006**. The parties may report orally upon their discovery plan at the subsequent Rule 16(b) conference.

2. The Rule 16(b) scheduling and planning conference will be conducted at the Walter E. Hoffman United States Courthouse in Norfolk on **July 18, 2005, at 10:00 a.m.**

(a) The Rule 16(b) conference may be rescheduled for an earlier date by agreement of the parties, **subject to the availability of the court;** however, **the conference may not be postponed to a later date** without leave of court. If the date poses an unavoidable conflict for counsel, and all counsel and unrepresented parties can agree on an alternate date, please call Sandra Dance in the Clerk's Office at 222- 7228 for assistance.

(b) At the conference, all parties shall be present or represented by an attorney, admitted to practice in the Eastern District of Virginia, who possesses the authority to agree upon all discovery and scheduling matters that may reasonably be anticipated to be heard by the court.

(c) The parties are advised that the court has instituted a procedure for Settlement and Alternative Dispute Resolution (ADR) contained in Local Rule 83.6. In accordance with Local Rule 83.6(D), utilization of ADR procedures shall not operate to change any date set by order of the court, by the Federal Rules of Civil Procedure, or by the Local Rules of Practice.

(d) The parties shall complete the initial disclosures set forth in Rule 26(a)(1) on or before **August 1, 2005**. Any objections to the requirement of initial disclosure, and any unresolved issues regarding the discovery plan, shall be addressed at the Rule 16(b) conference.

3. Subject to the limitations imposed in pretrial orders, the parties may initiate any form of discovery at anytime subsequent to the date of this order, provided that no party will be required to respond to a deposition notice or other form of discovery sooner than **August 12, 2005**, unless specifically ordered by the court. All objections to interrogatories and requests for production and admission should be served within fifteen (15) days after service of such discovery requests. The failure of a party to comply with

any disclosure provision, or any other form of discovery, will not excuse any other party from the failure to comply with any disclosure provision or any other form of discovery.

    4. Interrogatories to any party by any other party shall be limited to thirty (30) in number, including sub-parts. Depositions of nonparty, non-expert witnesses shall be limited to five (5) in number. There shall be no limit placed upon the number of depositions of military witnesses, or of witnesses not subject to summons for trial, which are undertaken by the proponent of the witness for the purpose of presenting such deposition testimony at trial. By agreement of the parties, or upon good cause shown, the court may enlarge the number of interrogatories which may be served upon a party, and the number of depositions which may be taken, or limit the number of depositions of military witnesses, or those taken by the proponent of the witness for presentation in evidence in lieu of the appearance of the witness.

                                                            _____
                                                            UNITED STATES MAGISTRATE JUDGE

Date: June 28, 2005

6/29/05 — *Copies mailed* vac

**UNITED STATES DISTRICT COURT**
Eastern District of Virginia
Walter E. Hoffman U.S. Courthouse
600 Granby Street
Norfolk, Virginia 23510

*Chambers of*
*Henry Coke Morgan, Jr.*
*U.S. District Judge*

*Telephone (757) 222-7002*
*Facsimile (757) 222-7022*

Dear Counsel:

You should confer with your client and consider consenting to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), which provides, as follows:

> (1) Upon the consent of the parties, a . . . United States magistrate [judge] . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . .

The judgment of a United States Magistrate Judge may be appealed directly to the United States Court of Appeals for the Fourth Circuit in the same manner as an appeal from any other judgment of the court. 28 U.S.C. § 636(c)(3). The substantive rights of the parties are not affected in any way by consenting to proceed before a United States Magistrate Judge.

Parties frequently consent to have a case proceed before the United States Magistrate Judges in Norfolk and Newport News. It is preferable, but not mandatory, for consent to be given at the earliest possible stage of the proceedings in a case. Therefore, counsel should promptly confer with their clients and be prepared to advise the court of consent, or lack of consent, to proceed before a United States Magistrate Judge at the Fed. R. C. P. 16(b) conference. If a party decides to consent, counsel should be prepared to sign the attached "Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge" at this conference. The Court requests that, if the senior attorney in charge of this case is unable to appear at the 16(b) conference, the attorney who makes the appearance be advised of the decision regarding consent and, if consent is given, be authorized to sign the form at the 16(b) conference.

While the case may be referred to a Magistrate Judge if consent is provided by all parties, even when the parties provide such consent, the undersigned shall exercise final authority as to whether an order of reference shall be entered.

Thank you for your attention.

Very truly yours,

*/s/ Henry Coke Morgan, Jr.*
Henry Coke Morgan, Jr.
United States District Judge