IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DAVID C. EGGLETON | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:05cv326 |
| PLASSER & THEURER EXPORT VON BAHNBAUMASCHINEN GESELLSCHAFT, MBH | ) 8:05cv532 |
| and | ) |
| FRANZ PLASSER BAHNBAUMASCHINEN INDUSTRIEGESELLSCHAFT, MBH | ) |
| Defendants. | ) |



NOV 4

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
DEC - 6 2005
OFFICE OF THE CLERK

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by Plaintiff David C. Eggleton, by and through his undersigned attorneys, and Defendants Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH ("Plasser & Theurer") and Franz Plasser Bahnbaumaschinen Industriegesellschaft, MBH ("Franz Plasser"), by and through their undersigned attorneys, that documents and information produced during the course of the above-captioned civil action (the "Action") shall be protected against disclosure in accordance with the following terms and conditions:

1. For purposes of this Stipulated **Protective Order**, the term "Confidential Information" means and includes any document, tangible thing, transcript or recorded statement (and the contents of any such document, thing, transcript or statement) designated by any party

as Confidential Information in accordance with the terms of this Stipulated **Protective Order**. Confidential Information shall be used solely for purposes of this Action and shall not be made public by any receiving party nor otherwise disclosed or disseminated beyond the extent allowed by this Stipulated **Protective Order**.

2. Information will be designated as Confidential Information only where the producing party in good faith believes that the information is or contains a trade secret or other confidential, commercial, sales or financial information.

3. "Qualified person(s)" as used herein means:

   a. Attorneys of record for the parties to this Action, and employees of such attorneys to whom the disclosure of Confidential Information is necessary for purposes of this Action;

   b. The plaintiff and any officer, representative or employee of a defendant to whom the disclosure of Confidential Information is necessary for purposes of this Action, provided such persons have been informed by counsel of record of the contents of this Stipulated **Protective Order** and, unless authorized by the disclosing party, have executed Exhibit A hereto demonstrating their agreement to the terms of the **Protective Order**;

   c. Consulting and/or testifying experts, provided such persons have been informed by counsel of record of the contents of this Stipulated **Protective Order** and have executed Exhibit A hereto demonstrating agreement to the terms of this **Protective Order**; and

   d. The Court (including Clerks and other Court personnel).

4. Documents produced in this lawsuit may be designated by any party or parties as Confidential Information by marking each page of the document(s) so produced with the word "Confidential" or its substantial equivalent.

5. In the event any party intends to file with a court any document containing Confidential Information, that party shall file such information or document under seal, by filing such document in a separate sealed envelope marked "Filed Under Seal – Subject to **Protective Order**" or as otherwise instructed by Local Court Rule 5 and the Rules of this Court.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purposes of this Action, or (b) the deposition of a third party (for information that pertains to that third party), may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and is subject to this Stipulated **Protective Order**. Any party may also designate information disclosed at such depositions as Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential Information after receipt of the notice. Each party shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in its possession, custody or control. Until the expiration of 40 days of receipt of a deposition transcript, all information disclosed in all depositions in this action shall be treated as Confidential Information.

7. The provisions of this Stipulated **Protective Order** also apply to information obtained from third parties, either directly or indirectly, where an obligation of confidence

DC #201519 v1

pertaining to such information exists between such third party and any party to this lawsuit.

8. Confidential Information shall not be disclosed or made available by any receiving party to persons other than Qualified Persons. Copies of Confidential Information provided to a receiving party shall be maintained in the offices of outside counsel for the receiving party, except that copies may be provided by such outside counsel to a Qualified Person described by paragraph 3 above. Any such Qualified Person who receives Confidential Information may make working copies of such documents, but must ensure that the protections set forth in this Stipulated **Protective Order** are maintained with respect to all such copies. Copies of documents produced pursuant to this Stipulated **Protective Order** may be made, or exhibits prepared by independent copy services, printers, or illustrators only for purposes of this Action.

9. Documents unintentionally or inadvertently produced without any designation may be retroactively designated as Confidential Information by written notice identifying the specific document(s) to be designated (by, e.g., any sequential number assigned to the document(s) at the time of production). All documents retroactively designated as Confidential Information shall be treated as such by the receiving party from the effective date of this Stipulated **Protective Order**.

10. Documents to be inspected shall be treated as Confidential Information during the inspection and at all times until copies thereof are produced by the disclosing party.

11. Nothing in this Stipulated **Protective Order** shall prevent the disclosure of Confidential Information with the consent of the party by whom such designation was made, or pursuant to an **Order** of the Court after notice to all affected parties.

12. Nothing in this Stipulated **Protective Order** shall be construed as an agreement or admission that any *information designated as Confidential Information is, in fact, confidential or a trade secret,* or that such information is competent, relevant or material evidence as to any issue. Further, neither the designation of, nor failure to designate, any *information as Confidential Information shall constitute evidence relevant or admissible* to prove any issue in this Action.

13. A receiving party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time such designation is made, and a failure to do so shall not preclude any subsequent challenge to such designation. In the event a receiving party disagrees, at any stage of this Action, with the designation made by the designating party, or the designation of any person as a Qualified Person, the parties shall first try to resolve the dispute in good faith and informally, such as through the production of redacted copies. If the dispute cannot be so resolved, the objecting party may move the Court to remove or change the designation applied to the information by the producing party; however, the designating party shall bear the burden to prove that the designation applied to the information was appropriate.

14. Within 120 days after conclusion of this Action, any documents designated as Confidential Information (and all copies thereof) produced by a party and in the possession of any of the persons qualified under paragraph 3, shall either be returned to the producing party at its request or destroyed by the receiving party. Upon request of any party, the non-disclosing party shall certify in writing to such destruction or return of documents. The restrictions of this Stipulated **Protective Order** concerning the use and

DC #201519 v1

disclosure of Confidential Information shall remain effective after conclusion of this Action.

15. Any person, business or entity that is not a party to this lawsuit may designate Confidential Information under the terms of this Stipulated **Protective Order** when providing documents or information requested by a party during the course of this lawsuit.

16. The parties and their attorneys, by signing this Stipulated **Protective Order** consent to the entry of a temporary restraining **order** or other injunctive relief to prevent violation of this Stipulated **Protective Order**.

17. Upon request of a producing party, counsel of record for the "receiving party" shall promptly provide written certification that all persons to whom "confidential" documents have been disclosed, have executed the appropriate certification or been informed of this Stipulated **Protective Order**'s provisions.

18. For the purposes of this Stipulated **Protective Order**, facsimile signatures shall be deemed original.

Dated: October ⁄⁄, 2005   THELEN REID & PRIEST, LLP

By _____
David L. Kelleher (VSB No. 26418)
Attorneys for Defendants PLASSER &
THEURER and FRANZ PLASSER

Dated: October 18, 2005  WILLCOX & SAVAGE

By  *[signature]*
William E. Rachels, Jr. (VSB No. 4282)
Samuel J. Webster (VSB No. 17021)
Attorneys for Defendants PLASSER &
THEURER and FRANZ PLASSER

Dated: October 18, 2005  BREIT, DRESCHER & IMPREVENTO, P.C.

By  *[signature]*
John W. Drescher (VSB No. 13656)
Attorneys for Plaintiff DAVID C.
EGGLETON

DC #201519 v1

## ORDER

Based upon the foregoing Stipulation and **Protective Order**, and good cause appearing therefore, IT IS SO **ORDERED** AND DECREED, *until further Order of the Court.*

Dated: *Nov 4*, 2005

*[signature]*
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

*copies Mailed 11/4/05*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DAVID C. EGGLETON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv326 |
| ) | |
| PLASSER & THEURER EXPORT ) | |
| VON BAHNBAUMASCHINEN ) | |
| GESELLSCHAFT, MBH ) | |
| ) | |
| and ) | |
| ) | |
| FRANZ PLASSER BAHNBAUMASCHINEN ) | |
| INDUSTRIEGESELLSCHAFT, MBH ) | |
| ) | |
| Defendants. ) | |

### EXHIBIT A TO STIPULATED PROTECTIVE ORDER

I, _____[printed name]_____, have read the Stipulated **Protective Order** agreed to by the parties to this Action and, in exchange for the ability to review information designated therein as Confidential Information, I agree to be bound by the terms of the Stipulated **Protective Order**.

Printed Name: _____

Signature: _____

Date: _____

8                                                    DC #201519 v1