IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID C. EGGLETON, | ) | CASE NO. 8:05CV532 |
| Plaintiff, | ) | |
| vs. | ) | |
| PLASSER & THEURER EXPORT VON BAHNBAUMASCHINEN GESELLSCHAFT, MBH | ) | MEMORANDUM AND ORDER |
| and | ) | |
| FRANZ PLASSER BAHNBAUMASCHINEN INDUSTRIEGESELLSCHAFT, MBH, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion for Reconsideration, or Alternatively to Certify for Appeal Pursuant to 28 U.S.C. § 1292(b). (Filing No. 63).

## DISCUSSION

On April 21, 2006, the Court denied Defendants' Motion for Judgment on the Pleadings (Filing No. 54). (Filing No. 61). The Defendants had argued that Plaintiff's action was untimely under Nebraska law. (Filing No. 54 at 1). Defendants now move the Court to reconsider the Order, or, in the alternative, to certify the Order for appeal pursuant to 28 U.S.C. § 1292. (Filing No. 63). Alternatively, the Defendants request the Court to clarify the Order "to reflect that the denial of the motion is without prejudice in all respects and does not constitute a ruling under the law of the case doctrine." (*Id.*). The Court will grant Defendants' Motion to Certify for Appeal; however, the motion will be denied in all other respects.

**Certification for Interlocutory Appeal**

"An order must be certified by the district court before an interlocutory appeal may be taken pursuant to 28 U.S.C. 1292(b). That section states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "Permission to allow interlocutory appeals should be granted sparingly and with discrimination." *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994). An issue of law is controlling under 28 U.S.C. § 1292(b) if its incorrect disposition would require reversal of the final judgment or if its resolution will affect the further course of the litigation.

The Court concludes that the application of a limitation period to a cause of action is a controlling question. *See Budler v. General Motors Corp.,* 400 F.3d 618 (8th Cir. 2005); *Harder v. Acands*, 179 F.3d 609 (8th Cir. 1999). The other requirements of § 1292(b) are also satisfied. The parties' briefs filed in connection with the Defendants' motion demonstrate that there is substantial ground for difference of opinion on the issue of whether the action was timely filed. *See Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967) (applying the law of the transferor state to the question of commencement of action); *Wiseland v. Admiral Beverage Corp.,* 119 F.3d 733 (8th Cir. 1997) (applying the law of the transferee state to the question of commencement of the action). Additionally, immediate

appeal from the Court's Order may materially advance the ultimate termination of the litigation. The Court concludes that the Order satisfies the statutory requirements for certification pursuant to § 1292(b). Accordingly,

IT IS ORDERED

1. Defendants' Motion for Reconsideration, or Alternatively to Certify for Appeal Pursuant to 28 U.S.C. § 1292(b) (Filing No. 63) is granted in part and denied in part as follows:

    A. Because the Court is of the opinion that the Order (Filing No. 61) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation, the Defendants may take an appeal from Order; and

    B. Defendants' Motion is denied in all other respects; and

2. The Court will stay this action pending proceedings in the Eighth Circuit Court of Appeals.

DATED this 24th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge