IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID C. EGGLETON, | CASE NO. 8:05CV532 |
| Plaintiff, | |
| vs. | |
| PLASSER & THEURER EXPORT VON BAHNBAUMASCHINEN GESELLSCHAFT, MBH, | AMENDED MEMORANDUM AND ORDER |
| and | |
| FRANZ PLASSER BAHNBAUMASCHINEN INDUSTRIEGESELLSCHAFT, MBH, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (Filing No. 54).[1]  The matter has been fully briefed.  For the reasons stated in this memorandum, Defendants' motion will be denied.

## FACTS

Plaintiff David Eggleton was injured on September 6, 1998, in Tamora, Nebraska, while operating an undercutter allegedly manufactured by Defendants Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, and Franz Plasser Bahnbaumaschinen Industriegesellschaft, MBH ("Defendants").  (Filing No. 1 at 20-25 ("Amended Motion for Judgment") ¶ 5).  Eggleton is a resident of Virginia.  (*Id.* ¶ 1).  Both Defendants are companies organized under the laws of Austria with their principal places of business in Austria.  (*Id.* ¶¶ 2, 3).

---

[1]This Memorandum and Order has been amended pursuant to 28 U.S.C. § 1292(b).

Eggleton filed a Motion for Judgment[2] in the Circuit Court for the City of Chesapeake, Virginia, on September 1, 2000, against Defendants, seeking recovery under a theory of product liability. (Filing No. 59 at 2-8 ("Motion for Judgment")). Eggleton moved for and was granted a nonsuit pursuant to § 8.01-380 of the Code of Virginia on January 23, 2004. (Filing No. 59 at 10). *See* Va. Code. Ann. § 8.01-380(A).[3] Virginia allows a plaintiff to take one nonsuit as a matter of right. Va. Code. Ann. § 8.01-380(B); *Ford Motor Co. v. Jones*, 587 S.E.2d 579, 581 (Va. 2003). Eggleton then refiled his action in the same Virginia state court on June 3, 2004. (Filing No. 59 at 11-17). Pursuant to Va. Code. Ann. § 8.01-229(E)(3):

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

---

[2] A Motion for Judgment in Virginia state court commences a civil action. Va. Code Ann. § 8.01-2(10).

[3] Section 8.01-380 states in pertinent part:

A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court. If after a nonsuit an improper venue is chosen, the court shall not dismiss the matter but shall transfer it to the proper venue upon motion of any party.

Va. Code Ann. § 8.01-380(A).

Defendants claim Eggleton's June 3, 2004, Motion for Judgment was never served on them. (Filing No. 1 at 1-2, ¶2). Eggleton filed an Amended Motion for Judgment on November 8, 2004, and Defendants claim they did not receive a copy of the Amended Motion for Judgment until May 19, 2005. (*Id.* at 2, ¶3). Defendants removed the action from the Chesapeake Circuit Court to the United States District Court for the Eastern District of Virginia on June 2, 2005. (Filing No. 1 at 1-3). The District Court found it lacked personal jurisdiction over Defendants; therefore, the District Court transferred the action to this Court on November 19, 2005, pursuant to 28 U.S.C. § 1406(a). (Case No. 2:05cv326, Filing No. 30). The District Court found that Eggleton's counsel could not have reasonably foreseen that Virginia was an improper forum and that the question of whether Virginia had personal jurisdiction over the Defendants was a "close case." (*Id.* at 11).

Defendants move for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 129(c), arguing that Eggleton's claims are barred by the four-year statute of limitations for product liability actions set forth in Neb. Rev. Stat. § 25-224(1). (Case No. 05cv532, Filing No. 54).

## STANDARD OF REVIEW

In considering a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c),[4] the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Syverson*

---

[4] Fed. R. Civ. P. 12(c) states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *U.S. v. Any and all Radio Station Transmission Equipment,* 207 F.3d 458, 462 (8th Cir. 2000). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (citing *Faibisch v. University of Minnesota,* 304 F.3d 797, 803 (8th Cir. 2002).

## DISCUSSION

In diversity cases, "state law determines when an action is commenced for the purpose of applying the statute of limitations." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 735 (8th Cir. 1997). Eggleton argues that the original action was filed within Nebraska's four-year statute of limitations and Virginia's two-year statute of limitations for product liability actions. (Filing No. 58 ("Opposition Memo.") at 7). Eggleton further argues that under Virginia law, the original filing tolled the statute of limitations, and that the present action is a "recommencement" or "renewal" of the originally filed action. (*Id.* at 5 (citing *Simon v. Forer,* 578 S.E.2d 792, 795 (Va. 2003) and *McNamara v. Plunk*, 458 S.E.2d 759, 762)). Essentially, Eggleton argues that the Court should look to the law of Virginia to determine the action was timely filed. On the other hand, Defendants argue that the Court must apply the law of the transferee state, which is Nebraska, and that under Nebraska law, the present action is untimely. (Filing No. 60 ("Reply Memo.") at 4). Defendants argue that Virginia law is inapplicable to this case in any respect. (*Id.* at 3).

The present action was filed on June 3, 2004, in the Circuit Court for the City of Chesapeake, Virginia. (Filing No. 59 at 11-17). If Virginia law were applicable to this matter, it is clear that the action would be considered timely filed pursuant to the nonsuit

4

and tolling provisions set forth in Va. Code Ann. §§ 8.01-380(A) and 8.01-229(E)(3). However, as both parties concede, the United States District Court for the Eastern District of Virginia transferred this action to this Court pursuant to 28 U.S.C. § 1406(a).

Nebraska has a four-year statute of limitations for product liability actions. Neb. Rev. Stat. § 25-224(1).[5] Eggleton was injured on September 6, 1998. Under Nebraska law, an action is commenced on the date the complaint is filed with the court. Neb. Rev. Stat. § 25-217. Here, the action that was ultimately transferred to this Court was not the original action filed on September 1, 2000, in Virginia state court, but the second action that was filed pursuant to Va. Code Ann. §§ 8.01-380(A) and 8.01-229(E)(3) in Virginia state court on June 3, 2004. In Virginia, the effect of a nonsuit is to end the present action without barring a subsequent action for the same cause in the same court. *Sheets v. Castle*, 559 S.E.2d 616, 620 (Va. 2002). Eggleton moved for and was granted nonsuit in his prior action in the Circuit Court for the City of Chesapeake, Virginia. (Filing No. 59 at 10).

Nebraska has a "savings clause" for civil actions set forth at Neb. Rev. Stat. § 25-201.01.[6] Section 25-201.01 allows a plaintiff, who commenced an action within the

---

[5] Neb . Rev. Stat. § 25-224(1) states:

All product liability actions, except one governed by subsection (5) of this section, shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

[6] Neb. Rev. Stat. § 25-201.01 states:

(1) If an action is commenced within the time prescribed by the applicable statute of limitations but the plaintiff fails in the action for a reason other than a reason specified in subsection (2) of this section and the applicable statute of limitations would prevent the plaintiff from commencing a new action, the plaintiff, or his or her representatives if the plaintiff has died and the cause of action survived, may commence a new action within the period specified in subsection (3) of this section.

5

applicable statute of limitations, to commence a new action within a specified time period, provided the original action did not fail "as a result of voluntary dismissal by the plaintiff for a reason other than loss of diversity jurisdiction in a federal court." Nebraska's savings clause does not provide relief to Eggleton. Although the Court has not been informed of Eggleton's reason for taking a nonsuit in Virginia state court, it is clear that Eggleton voluntarily dismissed his original action for a reason other than loss of diversity in a federal court.

Judge Morgan of the United States District Court for the Eastern District of Virginia, found that Virginia lacked personal jurisdiction over the Defendants and transferred the action to this Court pursuant to 28 U.S.C. § 1406(a). (*Id.* at 4). In the order, Judge Morgan justified his decision to transfer the action rather than dismiss it, stating:

> Only after the jurisdictional discovery period ended did it become certain that Defendants were not subject to personal jurisdiction in Virginia. Even then, this was a close case. The Court FINDS that Counsel for the Plaintiff could not reasonably have foreseen that Virginia was an improper forum at the time of filing Plaintiff's motion for judgment.

---

(2) A new action may not be commenced in accordance with subsection (1) of this section when the original action failed (a) on the merits of the action, (b) as a result of voluntary dismissal by the plaintiff for a reason other than loss of diversity jurisdiction in a federal court, (c) as a result of the plaintiff's failure to serve a defendant within the time prescribed in section 25-217, or (d) as a result of any other inaction on the part of the plaintiff where the burden of initiating an action was on the plaintiff.

(3) A new action may be commenced in accordance with subsection (1) of this section within a period equal to the lesser of (a) six months after the failure of the action or (b) a period after the failure of the action equal to the period of the applicable statute of limitations of the original action.

(Case No. 2:05cv326, Filing No. 30 ("Transfer Order") at 11) (emphasis in original).  The Court is persuaded that Eggleton's Counsel acted in good faith and did not engage in "forum shopping" when filing both the original and the present action in Virginia state court.

Defendants cite *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 735 (8th Cir. 1997), to support their contention that Nebraska law governs and that Eggleton's action is time-barred.  In *Wisland,* the plaintiff was injured in South Dakota on August 5, 1991. The plaintiff filed a complaint in Wisconsin federal court on August 4, 1994, but the defendants were not served until August 10, 1994.  The defendants moved to dismiss for lack of personal jurisdiction, but before the court addressed the motion, the court transferred the case to the district court in South Dakota pursuant to a stipulation by the parties. *Id.* at 735.  After the transfer, the defendants filed a motion for summary judgment, arguing that the plaintiff failed to commence her action before the South Dakota statute of limitations had run.  Both Wisconsin and South Dakota have three-year statutes of limitations for personal injury actions; however, under South Dakota law, an action is not commenced until the summons is served on the defendants.  The Eighth Circuit determined that the transfer was made pursuant to 28 U.S.C. § 1406(a), and that "a § 1406(a) transfer calls for application of the law of the transferee court."  *Id.* at 736. Therefore, the Eighth Circuit applied South Dakota law and found that the action was untimely because the plaintiff failed to serve the defendants prior to the expiration of the statute of limitations. *Id.*

*Wisland* is distinguishable from the present action.  In *Wisland,* the plaintiff failed to commence the action within South Dakota's statute of limitations because South Dakota

7

had an additional requirement for commencing an action above and beyond filing a complaint. Under Nebraska law, an action is commenced once a plaintiff files a complaint. Neb. Rev. Stat. § 25-217. In the present matter, Eggleton filed his original action in Virginia state court within both Virginia's and Nebraska's product-liability statute of limitations. Under Virginia law, Eggleton was permitted to take a nonsuit, which he did with the understanding that he could recommence his action in the same Virginia state court within six months of taking the nonsuit. In the Transfer Order, the District Court in Virginia specifically found that Eggleton acted in good faith in filing his action in Virginia, and rather than dismissing the action for lack of personal jurisdiction, the District Court transferred the action to this Court pursuant to 28 U.S.C. § 1406(a). The District Court noted that it was a "close case" as to whether Virginia had personal jurisdiction over the Defendants. In contrast, in *Wisland,* the court transferred the action pursuant to a stipulation by the parties before it considered the motions before the court; therefore, there is no indication whether the plaintiff in *Wisland* acted in good faith or whether the plaintiff reasonably could have foreseen that Wisconsin was an improper forum. To find that Eggleton's action is time-barred under Nebraska law would frustrate the intentions of the Virginia District Court. Furthermore, applying the law of the transferee state (Nebraska) under the circumstances of this case is unnecessary to avoid forum shopping because the Court agrees with the Virginia District Court that Eggleton acted in good faith in filing his original action in Virginia and could not have foreseen that Virginia was an improper forum at the time of filing.

The Court finds support in *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967). In *Mayo Clinic*, the Eighth Circuit found that under the facts of the case, it was appropriate to apply the law of the transferor forum to the question of commencement of the action.

8

The plaintiff in that case brought an action in Illinois federal court and attempted to serve the defendants, all citizens of Minnesota. The defendants moved to quash service of process and to dismiss for lack of jurisdiction. The plaintiff responded by filing a motion to transfer to the District Court in Minnesota. The Illinois court granted the defendants' motion to quash and the plaintiff's motion to transfer. The defendants were then served in Minnesota, and they moved to dismiss because the Minnesota statute of limitations expired before service of process was obtained in Minnesota. *Mayo Clinic,* 383 F.2d at 653-54. The district court found that the action was not time-barred, and the Eighth Circuit affirmed, holding that the Illinois statute of limitations governed and was effectively tolled when the plaintiff commenced the action in Illinois. The Eighth Circuit stated that "under the facts here the law of the transferor forum should govern. . . ." *Id.* at 656. The Eighth Circuit noted that the plaintiff exercised reasonable diligence in obtaining service. *Id.*

Similar to the plaintiff in *Mayo Clinic*, Eggleton acted in good faith in fulfilling the requirements of commencing his action in a timely manner. The Court finds that under the facts of this action, it is appropriate to apply the law of Virginia to the question of whether the action was timely filed. Because the original action was timely filed under Virginia and Nebraska law, and because the recommenced action was timely filed pursuant to Virginia law, the Court finds that Eggleton's product liability action is not barred by Nebraska's four-year statute of limitations.

**Certification for Appeal**

The Court certifies for interlocutory appeal this Amended Memorandum and Order. "An order must be certified by the district court before an interlocutory appeal may be taken pursuant to 28 U.S.C. 1292(b). That section states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The Court concludes that the application of a limitation period to a cause of action is a controlling question of law. *See Budler v. General Motors Corp.,* 400 F.3d 618 (8th Cir. 2005); *Harder v. ACandS*, 179 F.3d 609 (8th Cir. 1999). The other requirements of § 1292(b) are also satisfied. The parties' briefs filed in connection with the Defendants' Motion demonstrate that there is substantial ground for difference of opinion on the issue of whether it is appropriate to apply the law of Virginia to the question of commencement of the action. *See Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967) (applying the law of the transferor state to the question of commencement of action); *Wiseland v. Admiral Beverage Corp.,* 119 F.3d 733 (8th Cir. 1997) (applying the law of the transferee state to the question of commencement of the action). Immediate appeal from the Court's Order may materially advance the ultimate termination of the litigation. The Court concludes that the Order satisfies the statutory requirements for certification pursuant to § 1292(b).

For the reasons stated in this Memorandum,

IT IS ORDERED:

1. Defendants' Motion for Judgment on the Pleadings (Filing No. 54) is denied; and

2. Because the Court is of the opinion that this Amended Memorandum and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Amended Memorandum and Order may materially advance the ultimate termination of the litigation, the Defendants may take an appeal from this Amended Memorandum and Order.

DATED this 24th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge